UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| RABIJA KOVAC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 4:17-CV-02449-SNLJ |
| | ) |
| NANCY A. BERRYHILL, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM AND ORDER**

Presently before the Court is the Government's unopposed Motion to Remand (#15). The Government has indicated that the appropriate action in this case should be the reversal of the decision of the Commissioner and the remand of the case for further proceedings pursuant to 42 U.S.C. § 405(g).

I. ANALYSIS

There are two methods under 42 U.S.C. § 405(g) for which this Court may remand a case back to an Administrative Law Judge (ALJ) for further proceedings. *See Shalala v. Schaefer*, 509 U.S. 292, 296 (1993). The first method, a sentence four remand, provides that "[t]he court shall have power to enter, upon the pleadings and transcript of the record, a judgment affirming, modifying, or reversing the decision of the Commissioner of Social Security, with or without remanding the cause for a rehearing. 42 U.S.C. § 405(g). The second method, a sentence six remand, provides that "[t]he court may, on motion of the Commissioner of Social Security made for good cause shown before the

1

Commissioner files the Commissioner's answer, remand the case to the Commissioner of Social Security for further action by the Commissioner of Social Security, and it may at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding." *Id.* Notably, a sentence six remand is inappropriate where the Government has already answered the complaint. *Buckner v. Apfel*, 213 F.3d 1006, 1010 (8th Cir. 2000).

The Government, having already answered Plaintiff's complaint, seeks a sentence four remand. (#15, P. 2). In remanding the case, the Government also seeks a reversal of the Commissioner's decision. (*Id.*). The Government represents that reversal and remand of the Commissioner's decision is necessary to further evaluate the evidence regarding Plaintiff's residual pain and specific limitations, if any, in her residual functional capacity. (*Id.* at P. 1). While Plaintiff neither specifically agreed with nor challenged the Government's Motion to Remand, a review of Plaintiff's Brief in Support of the Complaint reveals that Plaintiff's concerns mirror those raised by the Government— namely that the ALJ failed to appropriately consider Plaintiff's pain and failed to appropriately consider any specific limitations as to Plaintiff's residual functional capacity. (#10, P. 12-14). In fact, Plaintiff likewise asks that the case be remanded and reversed. (#10, P. 13-14).

Despite the parties' agreement as to the appropriate disposition of this case, there is some question whether this Court must take, for itself, an in-depth review of the record

in first reversing the Commissioner's decision so as to make remand possible.[1] At least two judges in this District have found that an in-depth review is unnecessary where the parties ultimately agree as to the infirmities present in the Commissioner's decision. *See Beck v. Colvin*, 2014 WL 5025969 at *1 (E.D. Mo. Oct. 8, 2014); *Finch v. Apfel*, 993 F.Supp. 712, 713 n. 2 (E.D. Mo. 1998). And the Eighth Circuit has seemingly held that a sentence four remand is nonetheless appropriate where a judge specifically states he or she was "not making any ruling based on the correctness of the Commissioner's decision." *Buckner*, 213 F.3d at 1010 (holding that remand orders that do not expressly affirm, modify, or reverse a decision, but rather direct the curing of some specific defect in the administrative process—such as the failure to develop the record or properly evaluate the evidence—are "nonetheless sentence four remands"). Because the parties agree the Commissioner's decision is deficient for having failed to fully develop the record and evaluate the evidence as relates to Plaintiff's pain and specific limitations as to her residual functional capacity, this Court will not undertake an in-depth, independent review of the record, which will only serve to further delay a final resolution of the parties' dispute. Rather, the Commissioner's decision will be reversed—so that a judgment can be had as is required under a sentence four demand—with instruction that, on remand, the Appeals Council also remand the case to an ALJ for further evidentiary consideration of Plaintiff's allegations of pain and the scope and specific limitations of her residual functional capacity.

---

[1] A sentence four remand requires a judgment. *Shalala*, 509 U.S. at 297 (holding that a sentence four remand requires a judgment, though it does not necessarily require a remand). Thus, if it is inclined to agree with the Government on the matter of remanding the case, this Court must first affirm, modify, or reverse the Commissioner's decision before also remanding for further findings.

For the foregoing reasons, this Court will enter a final judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure reversing the decision of the ALJ and remanding this case to the Commissioner under sentence four of 42 U.S.C. § 405(g).

Accordingly,

**IT IS HEREBY ORDERED** that the Government's Motion to Remand [#15] is **GRANTED**. This case is reversed and remanded to the Commissioner pursuant to sentence four of 42 U.S.C. § 405(g) with instruction that the Appeals Council further remand the case to an Administrative Law Judge for further evidentiary consideration of Plaintiff's allegations of pain and the scope and specific limitations of her residual functional capacity.

So ordered this 13th day of August 2018.

    _____
    STEPHEN N. LIMBAUGH, JR.
    UNITED STATES DISTRICT JUDGE